IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| ANDREW C. BLACKWELL, )<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ANETTE TIERNEY, HEARING OFFICER )<br>TIERNEY; AND ALLEGHENY COUNTY )<br>DOMESTIC RELATION SECTION,<br>FAMILY DIVISION,<br><br>Defendants, | 2:21-CV-01904-MJH |

OPINION

Plaintiff, Andrew C. Blackwell, *pro se*, commenced this proceeding by filing a Motion to Proceed In Forma Pauperis (ECF No. 1) and attaching a Complaint (ECF No. 1-1), against Defendants alleging violations of his civil rights under 42 U.S.C. § 1983.

Upon review of Plaintiff's Motion to Proceed In Forma Pauperis and attached Complaint (ECF No. 1), the Court will grant Plaintiff's Motion to Proceed in Forma Pauperis, but the Court will, sua sponte, dismiss Plaintiff's Complaint in accordance with 28 U.S.C. § 1915(e).

I.   Motion to Proceed In Forma Pauperis

First, the Court must determine whether a litigant is indigent within the meaning of 28 U.S.C. § 1915(a). Upon review of Plaintiff's Motion and his affidavit in support, the Court finds the Plaintiff is without sufficient funds to pay the required filing fee. Thus, he will be granted leave to proceed in forma pauperis.

II.   Screening under Section 1915

A.  Standard

Because he is proceeding in forma pauperis in this action, Mr. Blackwell's claims are subject to the screening provisions in 28 U.S.C. § 1915(e).  Among other things, that statute requires the Court to dismiss any action in which the Court determines that the action is "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *Muchler v. Greenwald*, 624 Fed. Appx. 794, 796-97 (3d Cir. 2015). A frivolous complaint is one which is either based upon an indisputably meritless legal theory (such as when a defendant enjoys immunity from suit) or based upon factual contentions which are clearly baseless (such as when the factual scenario described is fanciful or delusional). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). The determination as to whether a complaint fails to state a claim upon which relief may be granted is governed by the same standard applicable to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *D'Agostino v. CECOM RDEC*, 436 Fed. Appx. 70, 72 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)).

B. Background

Mr. Blackwell alleges that Defendant, Tierney, an employee of the Allegheny County Family Division falsified financials thereby inflating his income which created an alleged child support debt.  Mr. Blackwell further avers that he received Social Security disability benefits, and Defendants imposed an income amount that is greater that what Social Security permits a recipient to receive.   He claims injuries for emotional stress, oppression, depression, and damage to his credit character/worthiness.  In addition, he requests that this Court to order the "Administrative tribunal-Allegheny County Domestic Relation section" to set aside the alleged debt order and award him a sum of $16,020.00 in actual damages plus punitive damages.

C. Discussion

Upon careful review, the Complaint must be a dismissed based upon the relief requested and the status of the named defendants.

First, Mr. Blackwell's Complaint, regarding his request to set aside the child support order, fails because it would necessitate this Court's review, reexamination, and/or rejection of state court rulings on child support questions. This Court does not have subject matter jurisdiction over such matters. The *Rooker–Feldman* doctrine compels federal district courts to decline invitations to conduct what amounts to appellate review of state trial court decisions.

As described by the Third Circuit:

> That doctrine takes its name from the two Supreme Court cases that gave rise to the doctrine. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The doctrine is derived from 28 U.S.C. § 1257 which states that "[f]inal judgments or decrees rendered by the highest court of a state in which a decision could be had, may be reviewed by the Supreme Court...." *See also Desi's Pizza, Inc. v. City of Wilkes Barre*, 321 F.3d 411, 419 (3d Cir.2003). "Since Congress has never conferred a similar power of review on the United States District Courts, the Supreme Court has inferred that Congress did not intend to empower District Courts to review state court decisions." *Desi's Pizza*, 321 F.3d at 419.

*Gary v. Braddock Cemetery*, 517 F.3d 195, 200 (3d. Cir.2008). In short, the *Rooker–Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Turner v. Crawford Square Apartments III, LLP,* 449 F.3d 542, 547 (3d Cir.2006). In particular, courts have applied the *Rooker–Feldman* doctrine to state domestic relations court rulings and held that it prevents federal judges from considering civil rights lawsuits. *Kwasnik v. Leblon*, 228 F. App'x 238, 242 (3d Cir.2007); *see, e.g., Marran v. Marran*, 376 F.3d 143 (3d. Cir.2004); *Kwasnik,* 228 F. App'x 238, 242; *Smith v. Department of Human*

*Services,* 198 F. App'x 227 (3d Cir.2006); *Rose v. County of York*, 2007 WL 136682 (E.D.Pa. Jan.12, 2007).

Here, Mr. Blackwell's Complaint invites this Court to set aside decisions rendered in a state court domestic relations case.  His Complaint and a review of the state court trial and appellate docket fail to demonstrate that Mr. Blackwell has exercised any state appellate avenues, which could have addressed the allegations in his Complaint.[1]  Any action by this Court, in regard to any state court decision described in Mr. Blackwell's Complaint, is forbidden under the *Rooker–Feldman* doctrine. Accordingly, Mr. Blackwell's Complaint, as regard his request to order the "Administrative tribunal-Allegheny County Domestic Relation section" to set aside the alleged debt order, will be dismissed for lack of jurisdiction.

Second, Mr. Blackwell's civil rights claims against the Defendants otherwise fails because both Defendants are immune from suit.   With regard to both Defendants, the Eleventh Amendment grants immunity from suit.  Pursuant to the Eleventh Amendment, states, state agencies, and state officials, who are sued in their official capacity, are generally immune from lawsuits in federal courts brought against them by citizens. *Seminole Tribe v. Florida*, 517 U.S. 44, 54, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). This broad grant of immunity from damages claims in federal court contains only two exceptions: First, a state can waive its immunity, or, second, Congress can expressly abrogate that state immunity, provided that Congress "both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority." *See*

---

[1] When ruling on motions to dismiss, the court generally relies only on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). "Because the standards for dismissal for failing to state a claim under 28 U.S.C. § 1915(e) are the same as under a 12(b)(6) motion, the court may consider matters of which it may take judicial notice under 28 U.S.C. §§ 1915(e) and 1915A and under 42 U.S.C. § 1997e(c).*" Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008) (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994)).

*Alden v. Maine*, 527 U.S. 706, 755, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999); *Bd. of Trustees of the Univ. of Alabama v. Garrett*, 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001).

Pennsylvania's court of common pleas are institutions of state government which are cloaked with immunity under the Eleventh Amendment to the United States Constitution. *See, e.g., Benn v. First Judicial District of Pennsylvania*, 426 F.3d 233 (3d Cir.2005); *Greer v. Court of Common Pleas of York County*, No. 07–1051, 2007 WL 1853766 (M.D. Pa. June 26, 2007) *aff'd.*, 259 F.App'x. 437 (3d Cir.2007). The constitutional protections afforded to the state court system under the Eleventh Amendment also expressly apply to the state agencies that are integral parts of Pennsylvania's unitary court system. These court agencies, which also enjoy immunity from lawsuit under the Eleventh Amendment, include the various county common pleas court domestic relations agencies which are defined by statute as arms of the state courts, and institutions of state government. *See, e.g., Democracy Rising Pa. v. Celluci*, 603 F.Supp.2d 780 (M.D.Pa.2009); *Lucas v. Disciplinary Board*, 320 F.Supp.2d 291 (M.D.Pa.2004), *aff'd.*, 128 F.App'x 235 (3d Cir.2005); *Walters v. Washington County*, No. 06–1355, 2009 WL 7936639 (W.D.Pa. March 23, 2009); *Van Tassel v. Lawrence County Domestics Relations Section*, No. 09–266, 2009 WL 3052411 (W.D.Pa. Sept.22, 2009). Therefore, absent an express waiver of the immunity established by the Eleventh Amendment, domestic relations sections, court divisions, and their employees who are sued in their official capacities, are absolutely immune from lawsuits in federal court.

Here, with respect to Mr. Blackwell's claims, Congress has not expressly abrogated the constitutional immunity of the domestic relations arm of the courts of common pleas or the hearing officers who serve them with respect to federal lawsuits. Moreover, the Commonwealth has not waived this immunity. By statute, the Commonwealth has specifically by statute invoked

its Eleventh Amendment immunity in 42 Pa.C.S.A. § 8521(b). While Pennsylvania has, by law, waived sovereign immunity in limited categories of cases brought against the Commonwealth in state court, Section 8521(b) flatly states that: "Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States." 42 Pa.C.S.A. § 8521(b). Therefore, the Defendants are immune under the Eleventh Amendment from the civil rights claims brought by Mr. Blackwell.

Finally, to the extent that Mr. Blackwell seeks in his Complaint to hold state judicial agency employees, like Ms. Tierney, a domestics relations hearing officer, it is well-settled that these officials are also individually cloaked with immunity from liability. The United States Supreme Court has long recognized that those officials performing judicial and quasi-judicial functions in our adversarial system must be entitled to some measure of protection from personal liability for acts taken in their official capacities. The scope of these protections extends beyond judges and prosecutors to those who take discretionary actions at the direction of the courts. As the Third Circuit explained when it rejected a similar effort to impose personal civil rights liability on a judge in a domestic relations case, this immunity is both broad and absolute. *Robins v. Coll*, 523 Fed.Appx. 854, 855 (3d Cir. 2013)

The scope of this immunity further embraces court personnel like Domestic Relations staff attorneys and hearing officers, who perform discretionary, and adjudicative functions under the guidance and direction of the courts. Indeed, courts have specifically held that Domestics Relations agency staff, including hearing officers, are entitled to assert this immunity in civil rights actions. See *Slawek v. White*, No. 91–1164, 1992 WL 68247, at 3-4 (E.D.Pa.1992); *Lepre v. Tolerico*, 156 Fed.Appx. 522, 525 (3d Cir. 2005); *Buchanan v. Gay*, 491 F.Supp.2d 483

(D.Del.2007); *White v. Green*, No. 09–1219, 2009 WL 2412490, (E.D.Pa.2009); J*ohnson v. Lancaster County Children and Youth,* No. 92–7135, 1993 WL 245280 (E.D.Pa.1993).

Therefore, entirely aside from the jurisdictional flaw pursuant to *Rooker-Feldman*, and the constitutional immunity conferred upon the state by the Eleventh Amendment, Mr. Blackwell's action fails against Defendant Tierney because she is uniformly entitled to immunity from personal liability for her official actions in the state court judicial system.

Accordingly, Mr. Blackwell's claims under Section 1983 will be dismissed.

III.    Conclusion

Upon consideration of the foregoing, this Court will grant Mr. Blackwell's Motion to Proceed in Forma Pauperis (ECF No. 1).  The Clerk will be directed to file the Complaint (ECF No. 1-1).  Furthermore, upon review of Mr. Blackwell's Complaint, the Court, sua sponte, in accordance with 28 U.S.C. 1915 (e) finds that it lacks subject matter jurisdiction and/or the parties are otherwise immune from this suit.  Therefore, Mr. Blackwell's Complaint will be dismissed.  Because it is clear on the face of Mr. Blackwell's allegations that this Court would not have subject matter jurisdiction of this matter and that he would not be entitled to relief against the named parties, no leave to amend will be granted.  A separate order will follow.

Dated:  January 3, 2022.

By the Court:

_____
Marilyn J. Horan
United States District Judge

Cc:     Andrew C. Blackwell
        238 Fleet St.
        Rankin Boro, PA 15108